UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUNDY DUKES,

    Plaintiff,

v.                                        Case No. 8:15-cv-2267-T-27AEP

1ST AMERICAN STORAGE CO., INC.,

    Defendant.
                                                    /

## REPORT AND RECOMMENDATION

Plaintiff, who proceeds in this matter *pro se*, filed a Complaint (Doc. 1) asserting claims against Defendant and alleging that Defendant committed "Callous acts of Arbitrary and Capricious conducts of Falsification and or the Alteration of Business Records with Willful Intent to invoke a Financial Hardship to befall the Plaintiff pursuant to the act of White Collar Crime(s) by the Gross Negligence of the Defendant to timely close and or relinquish the account of the Plaintiff in a legal and timely fashion as required by law." Currently before the Court is Plaintiff's Affidavit of Indigency (Doc. 2), which the Court construes as a request to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. §1915(a)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Dismissal

for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 Fed. App'x 386, 387 (11th Cir. 2010) (*per curiam*) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as pled, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Furthermore, an action is frivolous where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or "lacks an arguable basis either in law or fact." *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-29 (1989). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*).

In reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Here, Plaintiff filed his Complaint alleging that Defendant and its employees violated 42 U.S.C. § 1981 relating to the rental of a storage unit. According to Plaintiff, he entered into an agreement to rent a storage unit from Defendant and, at some point, Plaintiff discovered that Defendant's employee stole some of Plaintiff's personal property from the storage unit. When Plaintiff complained to Defendant's

2

employee and threatened to sue, the employee was verbally aggressive and shouted "you black son of a bitch, get your black ass off of my property right now."

Notably, Plaintiff already asserted identical allegations in a previous lawsuit filed with this Court. *See Lundy J. Dukes v. 1st American Storage Co., Inc.*, Case No. 8:12-cv-1661-T-23EAJ (filed July 25, 2012). In that case, Plaintiff asserted the same allegations; namely, Plaintiff alleged that he entered into a contract with Defendant to store his personal property for a monthly rental fee, received a storage unit, discovered the theft of his personal property, was ordered to evacuate the property when he mentioned that he would file a complaint against Defendant and its employees, and Defendant's employee shouted "You Son-of a -Bitch [*sic*], Get your black-Ass [*sic*] off of my Property." *Lundy J. Dukes v. 1st American Storage Co., Inc.*, Case No. 8:12-cv-1661-T-23EAJ, at Doc. 1. Plaintiff subsequently settled his claims under 42 U.S.C. § 1981 with Defendant. *Lundy J. Dukes v. 1st American Storage Co., Inc.*, Case No. 8:12-cv-1661-T-23EAJ, at Doc. 11. As a result, the action was dismissed with prejudice. *Lundy J. Dukes v. 1st American Storage Co., Inc.*, Case No. 8:12-cv-1661-T-23EAJ, at Doc. 12. Given that a final judgment on the merits was entered by this Court as to the identical parties in both suits for the same cause of action, Plaintiff is precluded from pursuing the claims in this subsequent lawsuit. *See Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501-02 (11th Cir. 1990) ("Claim preclusion bars a subsequent lawsuit when four elements are present: (1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved [in] both cases. ... It is clear that a stipulation of dismissal with

prejudice ... at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action." (internal quotation marks and citations omitted)). Accordingly, Plaintiff may not assert his claims under 42 U.S.C. § 1981 as such claims have been previously litigated and are precluded, and, therefore, Plaintiff is foreclosed from asserting the same claims in this action.

The only new allegations set forth by Plaintiff in this action relate to allegedly inappropriate fees charged by Defendant, which Plaintiff contends were improperly reported to two credit reporting agencies and thus affected his credit score. Those fees arose as of at least June 23, 2012 (Doc. 1, at 6), or approximately nine months prior to the dismissal in *Lundy J. Dukes v. 1st American Storage Co., Inc.*, Case No. 8:12-cv-1661-T-23EAJ. "The doctrine of res judicata, or claim preclusion, bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Citibank.*, 904 F.2d at 1501. Since the fees were incurred prior to the dismissal of Plaintiff's prior lawsuit against Defendant and arose out of the same operative facts, Plaintiff is precluded from asserting claims relating to the fees. As such, Plaintiff's request to proceed *in forma pauperis* should be denied and Plaintiff's Complaint should be dismissed.

Even assuming, *arguendo*, that Plaintiff could assert claims relating to the fees, Plaintiff failed to state any cognizable federal claim. Namely, it appears that Plaintiff seeks to assert that Defendant violated the Fair Credit Reporting Act ("FCRA") and possibly the Fair Debt Collection Practices Act ("FDCPA"). Though the FCRA prohibits furnishers of credit information from providing false information, the statute explicitly bars private suits for violations of that provision. 15 U.S.C. §§ 1681s & 1681s-2(a), (c), & (d); *Peart v. Shippie*, 345 Fed. App'x 384,

386 (11th Cir. 2009); *Green v. RBS Nat. Bank*, 288 Fed. App'x 641, 642 (11th Cir. 2008) (*per curiam*). As such, Plaintiff cannot assert a claim against Defendant for the furnishing of false information. Notwithstanding, the FCRA requires that furnishers of credit information investigate the accuracy of said information upon receiving notice of a dispute and allows enforcement of the provision through a private cause of action but only if the provider of credit information received notice of the consumer's dispute from a credit reporting agency. 15 U.S.C. § 1681s-2(b); *Peart*, 345 Fed. App'x at 386; *Green*, 288 Fed. App'x at 642. In the Complaint, Plaintiff failed to allege that any Defendant failed to conduct an investigation into Plaintiff's credit history after being notified of a dispute by a credit reporting agency, and, thus, Plaintiff failed to state a claim under the FCRA.

Similarly, Plaintiff failed to state a FDCPA claim. Under the FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. For example, a debt collector may not collect any amount, such as a fee, unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1). In the Complaint, Plaintiff alleges that Defendant left Plaintiff's account open past the expiration of the contract between the parties on July 30, 2012, which led to the false credit report, presumably of the late fees incurred. The receipt attached to the Complaint indicates that, as of June 23, 2012, Plaintiff's account was paid through June 30, 2012, and Plaintiff had paid the total amount due, including the late fees, in cash (Doc. 1, at 6). Nothing in the record or allegations indicates that the late fees were unwarranted or that Plaintiff disputed such fees.

5

Instead, it appears that Plaintiff paid the late fees without protest. As such, Plaintiff failed to allege a claim under the FDCPA.[1]

Accordingly, for the foregoing reasons, it is hereby

RECOMMENDED:

1. Plaintiff's request to proceed *in forma pauperis* (Doc. 2) be DENIED.

2. Plaintiff's Complaint (Doc. 1) be DISMISSED.

IT IS SO REPORTED in Tampa, Florida, this 23rd day of November, 2015.

ANTHONY E. PORCELLI
United States Magistrate Judge

---

[1] Plaintiff also failed to set forth any allegations that Defendant used any false, deceptive, or misleading representations or means in the collection of the fees that would subject Defendant to liability under 15 U.S.C. § 1692e. Indeed, under 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, such as communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. § 1692e(8). Since Plaintiff failed to allege that Defendant engaged in such behavior in the *collection* of the purported debt, Plaintiff similarly failed to state a claim under 15 U.S.C. § 1692e.

## **NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1; M.D. Fla. R. 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

cc:    Hon. James D. Whittemore
       Plaintiff, *pro se*